## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## HELENA DIVISION

**CALVIN CHISM**                                           **PLAINTIFF**

**v.**                **CASE NO. 2:07CV00104 BSM**

**DAN CURTNER, Individually**
**and in his Official Capacity as**
**Fire Chief for the City of Forrest**
**City, Arkansas; and the CITY**
**OF FORREST CITY, ARKANSAS**             **DEFENDANTS**

## ORDER

Defendants' motion for summary judgment [Doc. No. 25] is granted.

## I.  FACTS

Viewing the facts in a light most favorable to the plaintiff, the undisputed facts are as follows. Plaintiff Calvin Chism is black. He worked sixteen years as a fire fighter for the Forrest City, Arkansas, Fire Department. [Chism depo. p. 16]. At all times, Chism was an at-will employee. [Δ's statement of undisputed facts ¶ 2]. From 1992 to August 2005, while working for the fire department, Chism was arrested six times. [Δ's statement of undisputed facts ¶ 4; π's Exhibit 1-August 26, 2005 letter; Chism depo pp. 72, 74]. The arrests include two arrests for third degree battery, an arrest for aggravated assault, and an arrest for domestic battery.  [π's response to ¶ 5 of Δ's statement of undisputed facts; Chism depo p. 72]. Following an arrest in August 2005, stemming from a domestic incident with his wife, pursuant to defendant City of Forrest City's [the city] policy, Chism was placed on

administrative leave.  [π's response to ¶ 6 of Δ's statement of undisputed facts; π's Exhibit 1-August 26, 2005 letter].  Despite his numerous arrests, Chism has never been convicted of a crime. [Chism depo. p. 37].

On March 28, 2006, after purchasing stolen truck tires outside of the Freightliner Dealership in Jonesboro, Arkansas, Chism was indicted for the sale/receipt of stolen goods in the United States District Court for the Western District of Tennessee. [Δ's statement of undisputed facts ¶ 11;  π's response to ¶ 11;  Δ's Exhibit 1-Termination letter].  Defendant Dan Curtner [defendant Curtner], then fire chief, was informed of Chism's indictment on March 30, 2006. [Δ's statement of undisputed facts ¶ 11;  π's response to ¶ 11].  Chism was terminated on March 31, 2006. [Δ's statement of undisputed facts ¶ 12;  π's response to ¶ 12].  Chism's termination letter states that his repeated arrests and indictment were violations of the city's Personnel Policy Handbook and Fire Department Rules and Regulations.  [Δ's Exhibit 1-Termination letter].  The letter specifically cites Personnel Policy Handbook for the City of Forrest City, sec. 4-Guidelines for Appropriate Conduct #8 in which "fighting or using obscene, abuse or threatening language or gestures" are listed as inappropriate conduct. The letter also cites Fire Department Rules and Regulations 310 and 328 which provide:

> FDR 310 Department [sic]:
>
>> Employees, whether on duty or off duty, shall be governed by ordinary and reasonable rules of good conduct and behavior, and shall not commit any act tending to bring reproach or discredit upon the fire department or the City of Forrest City.
>
> FDR 328 Obedience – Law and Order

2

> Employees shall obey the laws of the United States and the State of Arkansas, Ordinances of St. Francis County and the City of Forrest City, Department orders, and lawful orders of the court.

Chism spoke to then Mayor Larry Bryant about the possibility of being reinstated to the fire department. [π's response to ¶ 16 of Δ's statement of undisputed facts].  During their conversation, Mayor Bryant told Chism that if Chism was found not guilty or the indictment was later dismissed, Chism would be reinstated to his job with the fire department. [Chism depo. p. 86].  On December 15, 2006, the indictment against Chism was dismissed. [π's Exhibit 8-Order dismissing the indictment].  By this time, Mayor Bryant had lost his re-election bid and only had a few weeks left in his term as mayor. [Δ's statement of undisputed facts ¶ 18;  π's response to ¶ 18].

Chism was not reinstated to the fire department and, on August 14, 2007, Chism filed suit against the defendants. [Δ's statement of undisputed facts ¶ 19; π's response to ¶ 19]. Pursuant to 42 U.S.C. §§ 1981 and 1983, Chism alleges that he was wrongfully terminated based on his race and that the defendants had violated is rights to due process and equal protection.  He also alleges that the defendants should be estopped from denying him further employment.  The defendants have now filed a motion for summary judgment alleging that there are no genuine issues of material facts in this case and that they are entitled to summary judgment as a matter of law.

## II.  STANDARD

Summary judgment is appropriate when there are no genuine issues of material fact

in dispute and the moving party is entitled to a judgment as a matter of law. *Miners v. Cargill Commc'n*, 113 F.3d 820, *822 (8th Cir. 1997). Summary judgment is appropriate only where the evidence is such that no reasonable jury could return a verdict for the nonmoving party. *Id*. at *823. Thus, the moving party must demonstrate that no genuine issues of material fact remain to be resolved. *Id*. The district court reviews the evidence in the light most favorable to the nonmoving party. *Larson v. Kempker*, 414 F.3d 936, *939 (8th Cir. 2005); *Oak River Ins. Co. v. Truitt*, 390 F.3d 554, *557 (8th Cir. 2004). To overcome a motion for summary judgment, the nonmoving party may not merely point to unsupported self-serving allegations, but must substantiate allegations with sufficient probative evidence that would permit a finding in the nonmoving party's favor. *Reed v. Lear Corp.*, 556 F.3d 674, *678 (8th Cir. 2009).

## III.  DISCUSSION

A.    <u>Wrongful termination</u>

Chism alleges that the defendants fired him because he is black, in violation of 42 U.S.C. §§ 1981 and 1983 and that the defendants have failed to afford him equal protection of the law and due process.

### 1.  Due Process

Chism was an at-will employee and there is no evidence that the city's personnel-policy handbook or the fire department's rules or regulations expressly provide that he could be terminated only for cause. Thus, Chism does not have a protected interest in his

4

employment and the defendants are entitled to judgment as a matter of law on his due process claim.

The Due Process Clause of the Fourteenth Amendment protects government employees from being deprived of constitutionally protected property interests in their jobs or certain benefits of government employment. *Gilbert v. Homar*, 520 U.S. 924, *928, 117 S. Ct. 1807, **1811 (1997). The courts look to state law when determining whether an employee enjoys a protected property interest in his continued employment. *Eddings v. City of Hot Springs, Ark.*, 323 F.3d 596, *601 (8th Cir. 2003); *Thompson v. Adams*, 268 F.3d 609, *611 (8th Cir. 2001). In Arkansas, employment is at-will unless the employment is for a fixed term or unless an employee handbook contains an express provision against termination except for cause. *Eddings*, 323 F.3d at *601; *Thompson*, 268 F.3d at *611. In the absence of such a provision, an at-will employee does not have a protected property interest in his employment. *Eddings*, 323 F.3d at *601; *Roark v. City of Hazen, Ark.*, 189 F.3d 758, *761 (8th Cir. 1999). An at-will employee also lacks a liberty interest in the employee's continued employment that affords the employee the protections of substantive due process. *de Llano v. Berglund*, 142 F. Supp.2d 1165, *1169 (D. N.D. 2001).

### 2. *Equal Protection*

Summary judgment is appropriate on Chism's equal protection claim because no similarly situated person received better treatment than he did. Indeed there are no fire fighters similarly situated to Chism.

The Equal Protection Clause of the Fourteenth Amendment is essentially a direction that all persons similarly situated should be treated alike. *Lawrence v. Texas*, 539 U.S. 558, *579, 123 S. Ct. 2472, **2484 (2003). To establish a violation of the Equal Protection Clause, Chism must show that he was treated differently than other persons who were in all relevant respects similarly situated. *Flowers v. City of Minneapolis, Minn.*, 558 F.3d 794, *798 (8th Cir. 2009).

Chism was arrested six times and never terminated. He was terminated only after he was indicted in federal court for a felony. [Chism depo. p. 37; Curtner depo p. 6]. In his deposition testimony, Chism admits that he knows of no other fire fighter arrested as many times as he was. [Chism depo. p. 78]. Chism testified that, prior to defendant Curtner becoming fire chief, a white fire fighter, Claude Ramsey was allowed to keep his job after being arrested for driving while intoxicated. [Chism depo. p. 78]. He also testified that a white police officer, Frank Fryamire, was not terminated after he hit a bystander while driving while intoxicated. Neither of these men are similarly situated to Chism. Ramsey did not have the same supervisor and Fryamire worked for a different department.

### 3. 42 USC §§ 1981 and 1983

Summary judgment is appropriate on Chism's § 1981 and § 1983 claims because all of the evidence shows that Chism was fired because he was constantly in trouble with the law. Nothing indicates that he was fired because he is black.

A federal action to enforce rights under § 1981 against a state actor may only be

brought pursuant to § 1983. *Artis v. Francis Howell North Band Booster Ass'n, Inc.*, 161 F.3d 1178, *1181 (8th Cir. 1998); *see Flowers v. City of Minneapolis, Minn.*, 558 F.3d 794, *800 (8th Cir. 2009). A government entity is not liable under § 1983 based on actions of its employees under a theory of respondeat superior. *Artis*, 161 F.3d at *1181; *see Lee v. Pine Bluff Sch. Dist.*, 472 F.3d 1026, *1029-30 (8th Cir. 2007). A claim brought against a municipality under § 1983 is sustainable only if a constitutional violation has been committed pursuant to an official custom, policy, or practice of the city, or is so pervasive among non-policymaking employees of the municipality so as to constitute a custom or usage with the force of law. *Granda v. City of St. Louis*, 472 F.3d 565, *568 (8th Cir. 2007). Although a single act of a city official whose acts or edicts may fairly be said to represent official policy may give rise to municipal liability under § 1983, a municipality will only be liable under § 1983, where a city official responsible for establishing final policy with respect to the subject matter in question makes a deliberate choice among competing alternatives that results in the violation of constitutional rights. *Id*.

Claims against a municipality based on the acts of an individual officer or entity instead of a written policy or code have succeeded in circumstances where the action was not subject to significant review because the officer was in a policy making position representing the official policy of the municipality. *Id*. A governmental subdivision can face liability under § 1983 for the final policy decisions of officials in managerial or executive offices, such as a prison director failing to discipline officers, a mayor ordering the unlawful removal

of citizens, or a police superintendent making final human resources decisions. *Id.*

The defendants assert that Chism fails to identify a policy or custom that would support imposing liability against the City of Forrest City under § 1983. Chism fails to address this issue in his response to the motion for summary judgment. A review of Chism's complaint confirms the defendants' assertion and the court, therefore, finds that in the absence of an identified policy or custom, the defendants are entitled to judgment as a matter of law on Chism's §§ 1981 and 1983 claims.

Even if Chism had identified a policy or custom his claim would still fail. To establish a prima facie case of discrimination under Title VII, § 1981, or § 1983, Chism must satisfy the now familiar burden shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824 (1973). Under this framework, a plaintiff first must establish a prima facie case of discrimination; if a prima facie case is established, the burden of production shifts to the defendant to show a legitimate, nondiscriminatory reason for the challenged action; and if the defendant proffers such a reason, the burden shift back to the plaintiff to establish that the proffered reason is a mere pretext for discriminatory animus. *Harris v. Hays*, 452 F.3d 714, *717-18 (8th Cir. 2006). To establish a prima facie case of discriminatory discharge, Chism must show that: (1) he belongs to a protected class; (2) he was meeting his employer's legitimate job expectations; (3) he suffered an adverse employment action; and (4) similarly situated employees outside the protected class were treated differently. *Fields v. Shelter Mut. Ins. Co.*, 520 F.3d 859, *864 (8th Cir. 2008);

8

*Gordon v. Shafer Contracting Co.*, 469 F.3d 1191, *1196 (8th Cir. 2006);   *Shanklin v. Fitzgerald*, 397 F.3d 596, *602 (8th Cir. 2005).[1]

If Chism establishes a prima facie case, then the burden shifts to the defendants to articulate a legitimate reason for Chism's discharge.  *Gordon*, 469 F.3d at *1196;  *Riser v. Target*, 458 F.3d 817, *820 (8th Cir. 2006).  Once the defendants articulate a legitimate, nondiscriminatory reason for its action, the burden shifts back to Chism to prove that the nondiscriminatory reason was pretext for discrimination.   *Elnashar v. Speedway Superamerica, LLC.*, 484 F.3d 1046, *1055; *Riser*, 458 F.3d at *820.

It is undisputed that Chism belongs to a protected class and that he suffered an adverse employment action.  If it can be established that Chism was meeting the expectations of his job and that similarly situated employees outside of the protected class were treated differently, then Chism can establish a prima facie case of discrimination.

Defendant Curtner described Chism as being a good fire-fighter. [Curtner depo. p. 31].  He said that Chism knew his job; however, he went on to say that Chism was not a good employee. [Curtner depo. p. 31].  He explained that Chism did not accept authority. [Curtner depo. p. 31].

Current Fire Chief Johnny Ruffin testified that he had worked twenty-five years with the Forrest City Fire Department and that he had worked with Chism. [Ruffin depo. p. 8]. He also described Chism as being a good fire-fighter. [Ruffin depo. p. 8].  He stated that

---

[1]The parties rely on the factors used to establish a claim of retaliation based on race.

9

Chism took part in all training and educational programs.

Viewing this evidence in a light most favorable to Chism, the court finds that Chism was meeting the expectations of his job.

Chism's case fails because he cannot establish that similarly situated employees outside the protected class were treated differently. To establish that a similarly-situated employee received more favorable treatment, the evidence must show that the similarly-situated employee dealt with the same supervisor, was subject to the same standards, and engaged in the same conduct without any mitigating or distinguishing circumstances. *Equal Employment Opportunity Comm'n v. Trans State Airlines*, 462 F.3d 987, *993-94 (8th Cir. 2006); *Tolen v. Ashcroft*, 377 F.3d 879, *882 (8th Cir. 2004).

Chism submits that a white fire fighter, Claude Ramsey, was allowed to keep his job after being arrested for driving while intoxicated. [Chism depo. p. 78]. He also testified that a white police officer, Frank Fryamire, was not terminated after he hit a bystander while driving while intoxicated. As stated above, neither of these men are similarly situated to Chism. Ramsey did not have the same supervisor and Fryamire worked for a different department. Furthermore, Chism admits that he knows of no other fire-fighter arrested as many times as he was. Chism cannot establish that similarly situated employees outside the protected class received more favorable treatment. He, therefore, cannot establish a prima facie case of discrimination.

Furthermore, even if Chism could establish a prima facie case of discrimination, his

racial discrimination claim would fail because he is unable to show pretext.  A plaintiff may make a sufficient showing of pretext by different means, including showing that an employer: (1) failed to follow its own policies; (2) treated similarly-situated employees in a disparate manner; and (3) made substantial changes over time in its proffered reason for an employment decision.  *Arnold v. Nursing & Rehab. Ctr. at Good Shepherd, LLC.*, 471 F.3d 843, *847 (8th Cir. 2006).  Regardless of the method employed to prove pretext, a plaintiff must demonstrate that a discriminatory animus lies behind the defendants' neutral explanations.  *Id.*  Even if an employer fires an employee based upon a mistaken belief, the employee still must offer some evidence that racial animus was at the root of the termination.  *Id.*

Defendants argue that Chism was terminated because of his repeated troubles with the law and there was no pretext behind Chism's termination.  Chism argues that the reason offered by the defendants for his termination is mere pretext.  He points to the city's Guidelines For Appropriate Conduct as support for his belief that he should not have  been terminated.  The Guidelines For Appropriate Conduct provide:

> An employee of the City of Forrest City is expected to accept certain responsibilities, adhere to acceptable principals in matters of personal conduct and exhibit a high degree of personal integrity at all times. This not only involves a sincere respect for the rights and feeling so others but also demands that both while at work and in their personal life, an employee refrain from behavior that might be harmful to the employee, his co-workers, the citizens and/or the City.
>
> Whether an employee is on duty or off duty, his/her conduct reflects on the City.  An employee is encouraged to observe the highest standards

11

of professionalism at all times.

Types of behavior and conduct that the City considers inappropriate include, but are not limited to, the following:

1. Falsifying employment or other City records.
2. Violating any City nondiscrimination and/or harassment policy.
3. Soliciting or accepting gratuities from citizens.
4. Excessive absenteeism or tardiness.
5. Excessive, unnecessary or unauthorized use of City property.
6. Reporting to work intoxicated or under the influence of nonprescribed drugs or participation in the illegal manufacture, possession, use, sale distribution or transportation of drugs.
7. Buying or using alcoholic beverages while on City property or using alcoholic beverages while engaged in City business on City premises, except where authorized.
8. Fighting or using obscene, abusive or threatening language or gestures.
9. Theft of property from co-workers, citizens or the City.
10. Unauthorized possession of firearms on City premises or while on city business.
11. Disregarding safety or security regulations.
12. Insubordination.
13. Neglect or carelessness resulting in damage to City property or equipment.
14. Misuse of City telephones – local personal calls are to be held to a minimum. Long distances calls fro city business made by an employee should first be authorized by the supervisor. Personal long distance calls are prohibited.
15. Gambling on duty.
16. Neglect of duty.
17. Misappropriation of city funds.
18. *Repeated conviction of legal violation.*
19. *Conviction of a felony.*
20. Repeated failure to meet credit obligations.

12

[Emphasis added.]  This list of behaviors is not all inclusive.  It is conceivable that an employee could be terminated due to frequent arrest.

The key question here is whether racial animus was in fact the motivating factor behind the decision to terminate Chism.  Chism testified that prior to his indictment he was questioned by the FBI. [Chism depo. p. 66].  He stated that when he informed defendant Curtner and then Captain Ruffin that he had been questioned by the FBI, defendant Curtner replied, "When they come arrest your ass, I'm going to fire your ass." [Chism depo. p. 67].

Defendant Curtner testified that the federal indictment was just the "final straw" and he decided to terminate Chism. [Curtner depo. p. 16].  Current chief Johnny Ruffin explained that the chief determines whether the crime is sever enough to warrant termination. [Ruffin depo. p. 14].

After viewing the evidence presently before the court in a light most favorable to Chism, the court finds that Chism cannot show that the proffered reason for his termination is mere pretext for discrimination.  Specifically, Chism cannot show that racial animus was the motivating factor behind his termination.  Thus, even if Chism were able to establish a prima facie case of discrimination, his claim of wrongful termination would fail for failure to show pretext and the defendants would be entitled to judgment as a matter of law.

B.    Promissory Estoppel

Based on the statements of then mayor Larry Bryant, Chism asserts that defendants should be estopped from denying him further employment.  This is a moot point, because

13

Arkansas is an at-will state and Chism has never had, and Mayor Bryant did not have authority to create, a contract of employment with Chism.  In that Chism cannot establish a prima facie case of discrimination, defendants are not required to reinstate him.  Therefore summary judgment is appropriate on this claim.

C.    Qualified Immunity

Defendants argue that defendant Curtner is entitled to qualified immunity.  Chism is unable to establish a violation of his constitutional rights and, for that reason, the court will not address whether defendant Curtner is entitled to qualified immunity.

## IV.  CONCLUSIONS

After viewing the evidence in a light most favorable to Chism, the court finds that there are no genuine issues of material fact.  Defendants' motion for summary judgment [Doc. No.  23] is granted and Chism's claims are dismissed with prejudice.

IT IS SO ORDERED this 25th day of June, 2009.


_____
UNITED STATES DISTRICT JUDGE